1  **WO**

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                        **FOR THE DISTRICT OF ARIZONA**

8

9   Broadcast Music Incorporated, et al.,          No. CV-25-02268-PHX-DJH

10                  Plaintiffs,                     **ORDER**

11  v.

12  Tamagringos LLC, et al.,

13                  Defendants.

14

15          Before the Court is Plaintiffs'[1] Motion for Alternative Service on Defendants

16  Tamagringos LLC d/b/a Duelis Bar & Grill ("Tamagringos") and Ross Alan Paterson

17  ("Paterson") (collectively "Defendants"). (Doc. 14).   Plaintiffs say they have made

18  extensive efforts to serve Defendants in both Arizona and Washington state.  (*Id.* at 2).

19  Because Plaintiffs have shown that traditional means of service are impracticable,

20  Plaintiffs' Motion for Alternative Service will be granted.

21          Federal Rule of Civil Procedure 4(e)(1) allows service to be completed on a

22  defendant by following the state law of the state in which the district court is located.  Ariz.

23  R. Civ. P. 4(e)(1).  In Arizona, if a plaintiff can show that the means of service provided

24  for in Arizona Rule of Civil Procedure 4.1(c) through 4.1(j) are impracticable, the court,

25  on a motion, or on its own, may authorize that service can be accomplished by other means.

26  Ariz. R. Civ. P.  4.1(k)(1).   Impractical has been defined by the Arizona courts as

27  _____

[1]  Plaintiffs are Broadcast Music, Inc.; Broadcast Music, LLC; Don Kirschner
28  Entertainment Company and Cruven Inc.; Howe Sound Music Publishing LLC;
    Beechwood Music Corporation; House of Cash, Inc; Screen Gems-EMI Music, Inc.; and
    Sony/ATV Songs LLC; EMI Blackwood Music Inc.

1    "extremely difficult or inconvenient." *Blair v. Burgener*, 245 P.3d 898, 904 (Ariz. Ct. App.

2    2010).

3          Here, Plaintiffs tried to physically serve Defendant Tamagringos two times in July

4    of 2025.  (Doc. 14 at 2–3).  The first time was on July 14 at 1:05 pm at 2 East Congress

5    Street, Suite 900 in Tucson, Arizona.  (*Id.* at 2).  The listed address was posted on the

6    Arizona Corporation Commission's website as the address for the statutory agent of

7    Tamagringos.  (*Id.*)  When the receptionist informed the server that no one from the

8    business was working there, another address was found for Tamagringos.  The new address

9    was the location of the physical building for the business.  (Doc. 14 at 3).  Service was

10   attempted on July 16, at 12:06 pm at 7000 East Mayo Blvd. #1072, Phoenix, AZ 85054.

11   (*Id.*)  Three more attempts were made to physically serve Tamagringos on August 1,

12   August 2, and August 9, all at the same address located at 14840 North 88th Lane, Peoria,

13   AZ 85381.  (*Id.*)  All three attempts were unsuccessful because the agent for Tamagringos,

14   presumably Paterson, was not at home. (Doc. 14-1 at 6, Ex. A) (Certificate of Due

15   Diligence of Delivery).  The rest of the attempts to physically serve Tamagringos were

16   made at two different addresses in Washington state.  Two attempts were made to serve at

17   229 East Sunrise Drive, Lynden, WA 98264 on August 27, 2025, and August 28, 2025.

18   (Doc. 14 at 3).  A final attempt was made on September 3, 2025, at 4631 Quinn Court #101,

19   Bellingham, WA 98226.  (*Id.*)  All attempts to serve Tamagringos were unsuccessful.

20         Plaintiff also tried to physically serve Defendant Paterson seven times.  (*Id.*)  The

21   first address used to attempt service on Paterson was taken from the Arizona Corporation

22   Commission's website and is listed as 522 North Central Avenue #831, Phoenix, AZ

23   85004.  (*Id.*)  Physical service was attempted at this address on July 14, 2025, at 4:01 pm.

24   (*Id.*)  However, service was unsuccessful because the address was for a United States Postal

25   Service branch. [2] (*Id.*)  A second attempt was made for a different address on July 16, 2025,

26   at 12:06 pm at 7000 East Mayo Blvd. #1072, Phoenix, AZ 85054.  (*Id.*) The server says he

27
28   [2] Plaintiffs nonetheless ask the Court to allow them to serve Defendants at 522 North
     Central Avenue #831, Phoenix, AZ. (Doc. 14 at 3).  Because this is the address for a United
     States Postal Service branch, as averred by Plaintiffs in other parts of the Motion (Doc. 14
     at 3, fn. 3), the Court will not allow alternative service at this address.

was told by an employee that Paterson rarely comes to work and is sometimes not seen for months.  (Doc. 14-1 at 4, Ex. A) (Certificate of Due Diligence of Delivery). Three more attempts were made on August 1, 2025, August 5, 2025, and August 9, 2025, all at the same address of 14840 North 88th Lane, Peoria, AZ 85381.  (*Id.*)  On August 1, an occupant at the address stated that Paterson only comes occasionally.  (Doc. 14-1 at 6, Ex. A) (Certificate of Due Diligence of Delivery).  No one answered the door on August 5, and on August 9, a man representing himself to be the homeowner of the property stated that Paterson only visits occasionally. (*Id.*) When those attempts proved unsuccessful, Plaintiffs attempted to serve Paterson in Washington state.  The first attempt in Washington state was on August 27, 2025, at 229 East Sunrise Drive, Lynden, WA 98264 and the second attempt was for an address located at 4631 Quinn Court #101, Bellingham, WA 98226 on September 3, 2025.  (*Id.*) There was no answer at the door for the first attempt in Washington state and the second attempt yielded a response from the homeowner that Paterson had not lived there in twenty years. (Doc. 14-1 at 8–9, Ex. A) (Certificate of Due Diligence of Delivery).

Facing multiple unsuccessful attempts to physically serve both Defendants, Plaintiffs tried to provide notice via FedEx mail on August 28, 2025, for addresses located at 7000 East Mayo Blvd. #1072 and 522 North Central Avenue #831, both in Phoenix, for Tamagringos and Paterson respectively.  (Doc. 14 at 3). Delivery was successful at both locations.[3]  Now, Plaintiffs ask that the Court grant their request to provide notice to both Defendants via mail as opposed to physically serving Defendants.

Plaintiffs have adequately shown the Court that traditional means of service are impracticable.  Alternative service by mail also comports with due process because it is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002).  Plaintiffs will

---

[3] Plaintiffs are not asking the Court to retroactively approve the successful deliveries on August 28, 2025.  (Doc. 14 at 3–4). Instead, Plaintiffs request alternative service via mail going forward.

send a copy of the Summons, Complaint, Preliminary Order, and a Copy of the Order Granting Alternative Service, via regular US Mail, certified mail, and by posting to the door of the addresses given for Defendants. This will reasonably apprise Defendants as to the action against them.

Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion for Alternative Service (Doc. 14) is **granted**. The Court will allow Plaintiffs to serve the Summons, Verified Complaint, Preliminary Order, and this Order on Defendants Tamagringos LLC d/b/a Duelis Bar & Grill and Ross Alan Paterson by doing the following:  mailing, via regular US mail, certified mail, and posting to the door of Tamagringo LLC d/b.a Duelis Bar & Grill's addresses and Ross Alan Paterson's addresses located at:

1) 2 East Congress Street, Suite 900, Tucson, AZ 85701

2) 7000 East Mayo Blvd. #1072, Phoenix, AZ 85054

3) 14840 North 88th Lane, Peoria, AZ 85381

4) 229 East Sunrise Drive, Lynden, WA 98264

5) 4631 Quinn Court #101, Bellingham, WA 98226

**IT IS FURTHER ORDERED** Plaintiffs shall file a Notice of Service with the Court by **October 17, 2025.**

Dated this 6th day of October, 2025.

Honorable Diane J. Humetewa
United States District Judge