**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Broadcast Music Incorporated, et al.,

Plaintiffs,

v.

Tamagringos LLC, et al.,

Defendants.

No. CV-25-02268-PHX-DJH

**ORDER**

Plaintiff Broadcast Music Inc. ("Plaintiff"), on behalf of itself and the other named plaintiffs, brought a Motion for Default Judgment (Doc. 20) against Defendants Tamaringos LLC and Ross Alan Paterson (collectively, "Defendants"). Defendants have failed to answer or otherwise defend against this action. In accordance with Federal Rule of Civil Procedure 55(a), the Clerk entered default was entered against both Defendants on December 3, 2025. (Doc. 18). Plaintiff now seeks entry of default judgment on its claims as well as statutory damages and a permanent injunction against Defendants. (*See generally* Doc. 20).

As default has been properly entered under Rule 55(a), the Court has discretion to grant default judgment against Defendant pursuant to Rule 55(b). *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986). However, in deciding whether to grant default judgment, the Court should consider: (1) the possibility of prejudice to Plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, if any, (5) the possibility of a dispute

concerning material facts, (6) whether default was due to excusable neglect, and (7) the policy favoring a decision on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

Plaintiff has failed to adequately address the foregoing factors. Its Motion only establishes the merits of Plaintiff's claims, statutory damages, and entitlement to a permanent injunction. The majority of the *Eitel* factors were left unaddressed. The Court further notes that there is almost no Ninth Circuit authority present in Plaintiff's Motion. (*See* Doc. 20). Because Plaintiff has not sufficiently addressed the *Eitel* factors, the instant motion will be denied. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987) ("Rule 55 gives the court considerable leeway as to what it may require as a prerequisite to the entry of a default judgment."). Plaintiff will be afforded an opportunity to refile the request. The new motion must fully address each *Eitel* factor[1] in addition to providing the grounds and evidence supporting any calculation of damages.

Further, if Plaintiff files a renewed motion, the supporting documents for its attorney fees request should not be included. The Court's order will reflect whether a subsequent attorney fees motion may be filed.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Default Judgment (Doc. 20) is **DENIED without prejudice**. Plaintiff may renew its Motion in accordance with this Order.

**IT IS FURTHER ORDERED** that any renewed motion for default judgment must be filed **within thirty (30) days of this Order**.

Dated this 28th day of August, 2026.

Honorable Diane J. Humetewa
United States District Judge

[1] To adequately address the second and third *Eitel* factors, Plaintiff must discuss the merits of each claim on which it is moving for default judgment.